**SO ORDERED.**

**SIGNED this 27 day of January, 2009.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FRANKLIN EVERETT SMITH, | ) | Case No. 08-10837 |
| DURLEETA MAE SMITH, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |

### ORDER DENYING MOTION TO SET ASIDE CONFIRMATION ORDER

Creditor Green Tree Servicing, L.L.C. ("Green Tree") moves for an order setting aside the confirmation order entered in this case on June 12, 2008 for excusable neglect under Fed. R. Bank. P. 9024 and Fed. R. Civ. P. 60(b). Due to a policy-driven decision within Green Tree's administrative operation and an inadvertent error on the part of an administrator there, the debtors' plan was not referred to counsel in time to permit a timely objection to its confirmation. This matter is before the Court on stipulated facts submitted by the movant, the debtors and the chapter 13 Trustee. Green Tree appeared by John F. Michaels. The chapter 13 Trustee appeared

by Christopher Micale. The debtors appeared by David Lund.

Stipulated Facts

Debtors filed their chapter 13 case on April 16, 2008. They filed their proposed plan with their petition and, on April 17, 2008, the Court issued its standard Form B9I setting the first meeting of creditors under § 341 for May 14, 2008 and the confirmation hearing for June 11, 2008 at 1:30 p.m., both to be held at the U.S. Courthouse in Wichita, Kansas.[1] In the Court's standard form is a statement that objections to the confirmation of the plan are due ten days before the date of the confirmation hearing, or June 1, 2008. Green Tree did not file an objection to the plan, nor did it appear on June 11, 2008. The plan was announced for confirmation because there were no objections and the Court confirmed it. On June 12, 2008, the Trustee submitted and the Court entered an order confirming the plan.[2] On the same day, Green Tree filed its motion to modify the confirmation order, alleging that the plan's treatment of Green Tree's secured claim improperly modified its claim as provided for in § 1322(b)(2), challenging the value attributed by the debtors to their mobile home, and seeking relief from the confirmation order on the basis of "inadvertence and oversight."[3] In addition, Green Tree seeks leave to object to the confirmation of the debtors' plan out of time.

Green Tree's secured claim is based on a note of the debtors with a balance as of the petition date of $66,193.77, the repayment of which is secured by a mortgage on certain real

---

[1] All references to "Section" or "§" refer to the Bankruptcy Code, Title 11 U.S.C. unless otherwise noted.

[2] Dkt. 17

[3] Dkt. 18. As is noted later, the Court construes Green Tree's motion as one for relief from judgment under Fed. R. Civ. P. 60(b) and Fed. R. Bank. P. 9024.

2

estate they own and a security agreement covering their mobile home. Based upon the document attached to Green Tree's proof of claim, the mortgage is properly filed for record and the security interest in the mobile home is shown on its certificate of title. The debtors' plan treated the note as only partially secured based on debtors' position that the mobile home is worth only $30,000. Green Tree was given appropriate notice of the petition, the plan, the confirmation hearing, and the objection deadline on April 18, 2008.

When Green Tree received its notice, the following occurred. A representative in Green Tree's office printed off the plan and other filings on April 25, 2008. This individual then deferred any further action on the case until April 30 because, at that time, the debtors were current on their obligation under the note. They became delinquent on May 21 as a result of not making the first contractual payment that came due post-petition. Thereafter, the representative concluded it was necessary to file an objection to the plan. She did not know when the objection deadline was, but she knew the date of the confirmation hearing and that the objection should be filed before that. She then sought authority from a supervisor to place the Smith file with outside counsel. When she received authority, she forwarded the case via e-mail to a Nebraska lawyer instead of Mr. Michaels by mistake. This occurred on or about June 3, the same day that she prepared and filed a proof of claim. When she heard nothing from the Nebraska lawyer, she inquired further and only on June 11, a few minutes before the confirmation hearing, did he respond that he could not practice law in Kansas and declined the case. The representative then referred the case to Mr. Michaels who promptly filed the instant motion on June 12, the same day that the Court entered the confirmation order.

<u>Analysis</u>

3

Case 08-10837    Doc# 64    Filed 01/27/09    Page 3 of 10

Green Tree's proposed objection to confirmation asserts that Debtors' cramdown of the mobile home debt improperly modifies Green Tree's debt in violation of § 1322(b)(2).[4] It also argues that the home is undervalued and that the plan was not proposed in good faith. In its brief, Green Tree limited its argument to asserting that it failed to timely object to Debtors' plan due to excusable neglect and that, pursuant to Fed. R. Civ. P. 60(b)(1) and Fed. R. Bank. P. 9024, it is entitled to relief from the confirmation order.[5]

The Trustee and Debtors rejoin that Rule 9024 does not apply to chapter 13 confirmation orders, stating that these orders may only be revoked by filing an adversary proceeding under § 1330(a) and Rule 7001(5) and asserting that the order was entered on the basis of fraud. In the alternative, they argue that this motion should not be construed as a Rule 9024 motion because it was filed within ten days of the entry of the challenged order and instead should be construed as a motion to alter and amend under Rule 59(e) which applies in bankruptcy under Rule 9023.[6] Finally, they assert that if Rule 9024 applies, Green Tree has failed to demonstrate the appropriate grounds to support a finding of excusable neglect under Rule 60(b). Likewise, if Rule 9023 applies, Green Tree has failed to demonstrate that the Court has misapprehended the

---

[4] Because of the Court's disposition of the instant matter, it does not reach the validity of Green Tree's underlying objections.

[5] All future references to "Rule" refer to the Fed. R. Civ. P. or the Fed. R. Bankr. P.; those denominated in the thousands are Bankruptcy Rules, and those with a single or double digit denomination are Civil Rules.

[6] *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006), *but see Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005) ("District courts should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion").

4

facts or the controlling law, or that it needs to correct clear error or prevent manifest injustice.[7]

When a chapter 13 plan is filed with the petition in this District, the Clerk issues a Form B9I that sets out the date of the § 341 creditors meeting, the applicable claims bar dates, the confirmation hearing date, and an advisory deadline for objecting to the plan of ten days prior to the confirmation hearing. There is no basis for this date in the Bankruptcy Rules. Indeed, Rule 3015 only requires that an objection to confirmation be filed before the confirmation hearing and states that if no objection is filed, the Court may determine that the plan has been filed in good faith without evidence. The ten-day deadline facilitates the noticing, processing and docketing of confirmation objections.

When the Court confirms a plan and enters a confirmation order, § 1327(a) makes that order binding on each creditor of the debtor, including those who have failed to object to the plan. In enacting § 1327(a), Congress expressed its strong preference for the finality of these orders which effectively rearrange the relationship between the debtor and her creditors and upon which all parties rely as the contract among the debtor and the creditors going forward.[8] Once a plan is confirmed, only the debtor, the trustee, or an unsecured creditor may seek to modify it on motion under § 1329. Confirmation of a chapter 13 plan may not be revoked under § 1330 unless the confirmation has been achieved via fraud and unless the creditor or trustee seeks the revocation within 180 days of the confirmation date. Actions to revoke chapter 13

---

[7] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[8] *Mersmann v. Educ. Credit Mgt. Corp. (In re Mersmann)*, 505 F.3d 1033, 1047 (10th Cir. 2007) quoting 4 Collier on Bankruptcy ¶ 523.14[1] (15th ed. rev. 2006) ("There must be finality to a confirmation order so that all parties may rely upon it without concern that actions which they may thereafter take could be upset because of a later change or revocation of the order.").

5

confirmation orders are adversary proceedings under Rule 7001(5) and must, by rule, proceed on complaints and not motion practice.

Rule 9024 makes Civil Rule 60 applicable in bankruptcy cases, with certain exceptions or modifications. One of these specifically refers to revocation of confirmation orders entered in the rehabilitative chapters, stating "Rule 60 F.R.Civ.P. applies in cases under the Code except that ... (3) a complaint to revoke an order confirming a plan may be filed only within the time limit allowed by § 1144, § 1230 or § 1330."[9] As noted, that time limit is 180 days after the order is entered.

In *In re Fesq*, the Third Circuit considered a case very similar to this one.[10] There a secured creditor sought to vacate a chapter 13 confirmation order because the plan did not propose to pay the full amount of the creditor's claim. The creditor had not filed a timely objection, allegedly due to inadvertence relating to a computer problem, and proceeded under Rule 9024 to invoke the excusable neglect or mistake provision of Rule 60(b)(1). The Third Circuit held that the last phrase in § 1330(a), "if such order was procured by fraud," limits the grounds for relief available to creditors challenging confirmation orders to fraud.[11] The *Fesq* panel's majority ultimately concluded that the policy of finality behind the Bankruptcy Code required this conclusion.

The Tenth Circuit has yet to consider whether a party may obtain relief from a confirmation order other than under § 1330(a). In *In re Young*, the Tenth Circuit Bankruptcy

---

[9] Fed. R. Bank. P. 9024(3).

[10] *Branchburg Plaza Associates, L.P. v. Fesq (In re Fesq)*, 153 F.3d 113 (3d Cir. 1998), *cert. denied*, 526 U.S. 1018, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999).

[11] *Id.* at 115-116.

6

Appellate Panel (the "BAP") held that no relief from a chapter 13 confirmation order is available under Rule 9024 because § 1330 is the exclusive basis on which such an order may be vacated.[12] In *Young*, the debtor owed Mason a substantial judgment for violating Mason's civil rights. Mason received this judgment in an action against Young and his employer, a state agency in Oklahoma. Young obtained confirmation of an amended chapter 13 plan that provided for the payment of a small dividend to Mason and to Young's other unsecured creditors. After the bankruptcy court confirmed the amended plan, Mason appealed. After the appeal, the state legislature enacted a provision indemnifying state employees against damage awards. Mason then sought relief from the confirmation order on the basis that the availability of indemnification for the debtor was evidence that he no longer required bankruptcy protection. The bankruptcy court found this motion to be untimely under the 180 day deadline imposed by § 1330(a) and denied it.

On appeal, the BAP considered whether § 1330(a) imposed a time or substantive limitation on a motion to revoke a confirmation order. Relying on *Fesq*, the BAP held that § 1330(a) is the "complete substantive basis" for revoking a chapter 13 confirmation order, stating that " . . . the policy behind the Bankruptcy Code-finality, a fresh start, and prompt administration of each case-supports reading § 1330 as both a time and a substantive restriction."[13] In reaching this conclusion, the BAP noted that Rule 9024, which expressly defers to the 180-day limitation in § 1330, was promulgated to give effect to the provisions of the Code and

---

[12] *Mason v. Young (In re Mason)*, 237 B.R. 791, 803 (10th Cir. BAP 1999).

[13] *Id.*

7

not to provide substantive rights that are foreclosed by § 1330(a).[14]

As Judge Lundin has stated in his treatise,

> *Fesq* and *Young* demonstrate that the strong policies favoring the finality of confirmation orders embodied in §§ 1327 and 1330 will trump the use of Rule 9023 and 9024 when the relief sought looks like an end run around the failure of a creditor to timely object to confirmation and when the relief sought exceeds the limits on modification of plans or of confirmation orders under § 1329 or § 1330.[15]

The only time that courts allow parties to revisit confirmation orders using either Rule 9023 or 9024 is when there is a question about the aggrieved creditor having received adequate notice of the plan. In *In re Hudson*, for instance, the debtor gave notice to the creditors of a plan summary that did not adequately describe the manner in which one bank's collateral would be valued, nor did it detail that if an objection was lodged, the court would conduct a valuation hearing.[16] While not ultimately holding for the bank, the *Hudson* court considered that Rule 9024 motions could be used to set aside or relieve a party from a confirmation order when the notice of that order was constitutionally defective.[17] Other courts have followed suit.[18] Judge Lundin also opines that "the least questionable use of Bankruptcy Rules 9023 and 9024 in this context is to redress notice problems."[19] This Court agrees.

---

[14] *Id.* at 802.

[15] Hon. Keith M. Lundin, CHAPTER 13 BANKRUPTCY § 223.1 (3d ed. 2000 & Supp. 2004).

[16] *In re Hudson*, 260 B.R. 421 (Bankr. W.D. Mich. 2001).

[17] *Id.* at 444.

[18] *See In re Swanson,* 312 B.R. 153 (Bankr. N. D. Ill. 2004) and *In re Abrams*, 305 B.R. 920 (Bankr. S.D. Ala. 2002).

[19] Lundin, *supra* note 14, at 223-8.

8

Green Tree's motion stems from its failure to make a timely objection to the debtors' plan. Nowhere in either the stipulations or pleadings is there even an allegation that the debtors procured their confirmation by fraud. For that reason, there is no predicate for filing a § 1330(a) revocation motion. This Court follows the Tenth Circuit BAP's holding in *Young* that Rule 9024 does not afford relief to a creditor on any of the bases set out in Rule 60(b) because § 1330(a) "trumps" the rule by substantively limiting the extent to which a court may reconsider the confirmation of a chapter 13 plan. Because the record makes clear that Green Tree received adequate notice of the plan and confirmation hearing, as well as of the debtors' intended treatment of its claim, there are no notice problems to redress here. On this basis alone, Green Tree's motion should be denied.

Even if Rule 9024 applied to this motion, the Court cannot find that Green Tree's failure to file a timely objection is the result of excusable neglect. The stipulations make clear that Green Tree's representative was well aware that an objection was to be filed before June 11, 2008. Green Tree made a tactical decision, based upon its internal policy, to forgo hiring counsel to file a confirmation objection until the debtors became delinquent post-petition. The fact the debtors became delinquent has no impact whatever on whether the debtors' plan treatment of Green Tree's claim conforms with chapter 13. The debtors' treatment of Green Tree's claim was very clear. If what the debtors proposed violated the Code on June 11, it was also objectionable on April 25 when the Green Tree representative deferred further action. Not only is this not "excusable neglect," it is not even "neglect." Instead, this was an entirely volitional decision on the part of the creditor.

Rule 60(b)(1) provides for courts to grant relief from judgment where failure to comply

9

with a deadline is attributable to negligence. The ordinary meaning of "neglect" is to give little attention or respect to a matter, or, closer to the point for our purposes, to leave undone or unattended especially through carelessness. The word encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.[20] Here, the creditor gave considerable attention to the matter at hand and, with the possible exception of the representative's referring the case to the wrong lawyer, nothing that occurred here smacks of carelessness.[21]

Conclusion

While judges instinctively prefer to resolve issues on their merits, sometimes the law prevents that. This is such a case. The strong statutory bias in favor of the finality of chapter 13 confirmation orders, combined with the narrow drafting of § 1330(a), significantly limits the Court's discretion to reopen a confirmation order in the absence of fraud and dictates this harsh result. Here, where the plan and hearing have been properly noticed to the complaining creditor and that creditor has purposefully not filed a timely objection, Fed. R. Bank. P. 9024 affords no remedy. Green Tree's motion to set aside is DENIED. The Trustee shall continue to administer the plan as confirmed subject to the further orders of the Court.

# # #

---

[20] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

[21] Notwithstanding that Green Tree filed this motion within 10 days of the entry of the confirmation order, the Court construes it as a Rule 9024 motion for relief from judgment rather than a Rule 9023 motion to alter or amend judgment based upon the substance of Green Tree's allegations and its request for relief. *See Jennings*, *supra.* at 855.